UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JEAN M. CHAMPAGNE | CIVIL ACTION |
| VERSUS | NO. 18-883 |
| MICHAEL MAENZA, SWEGS KITCHEN L.L.C. and SWEGS DEVELOPMENT L.L.C. | SECTION A(4) |

## ORDER AND REASONS

Before the Court is a **Motion to Remand (Rec. Doc. 6)** filed by Plaintiff Jean Champagne. Defendants Michael Maenza, SWEGS Kitchen, L.L.C., and SWEGS Development, L.L.C. (hereinafter collectively referred to as "Defendants") consent to the motion subject to certain conditions. (Rec. Doc. 7). The motion, set for submission on March 7, 2018, is before the Court on the briefs without oral argument. Having considered the motion and memoranda of counsel, the record, and the applicable law, the Court finds that the Plaintiff's motion is **GRANTED** for the reasons set forth below.

### I. Background

Plaintiff seeks remand of this action to the 22nd Judicial District Court for the Parish of St. Tammany, Louisiana on the grounds that he inadvertently added the words "and Federal law" to his First Amended Petition. (Rec. Doc. 6-5, p. 5). This matter was originally filed in state court on August 10, 2017. In his original Petition, Plaintiff brought state court claims alleging that he was unlawfully terminated and is due relief under Louisiana's law of obligations, the Louisiana Employment Discrimination Law, the Louisiana Wage Statute, and the Louisiana Suit on Open Account Statute. (Rec. Doc. 6-1, p. 1). On January 5, 2018, the state court dismissed Plaintiff's claims under the Louisiana Wage Statute, but granted Plaintiff 15 days "to file an Amended

1

Petition against Defendants as to his claims for violation of the Open Account Statute, breach of contract, and violation of the Louisiana Employment Discrimination Law." (Rec. Doc. 6-1, p. 2). Thereafter, Plaintiff filed his First Amended Petition for Damages on January 19, 2018. However, Plaintiff inadvertently inserted the phrase "and Federal law" after alleging that Defendant breached the retaliation provisions of the Louisiana Employment Discrimination Law.[1] On January 29, 2018, Defendants removed pursuant to 28 U.S.C. § 1331 and 1367 alleging that this Court has original federal question jurisdiction under § 1331 and supplemental jurisdiction over the state law employment claims under § 1367. (Rec. Doc. 1, p. 1).

**II.  Legal Standard**

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending," unless Congress provides otherwise. To respect a plaintiff's initial choice of a state judicial forum and the federalism principles implicated by removal, courts strictly construe the removal statute. *Riley v. Wal-Mart, La.*, No. 15-5729, 2015 WL 9268160, at *1 (E.D. La. Dec. 21, 2015) (Africk, J.); *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008); *see also Robin Pipeline Co. v. New Medico Head Clinic Facility*, No. 94-1450, 1995 WL 479719, at *1 (E.D. La. Aug. 14, 1995) (Clement, J.) (quoting *York v. Horizon Fed. Sav. & Loan Ass'n*, 712 F. Supp. 85, 87 (E.D. La. 1989) (Feldman, J.)).

It is well-established that the party invoking the jurisdiction of a federal court has the burden of proving that the exercise of such jurisdiction is proper. *St. Paul Reins. Co. v. Greenberg*,

---

[1] The paragraph from Plaintiff's First Amended Petition for Damages at issue provides, in relevant part: "The conduct described above also constitutes a breach of the retaliation provisions of the LEDL and Federal law. . . ." (Rec. Doc. 6-5, p. 5, ¶ 24). The federal equivalent of the LEDL would be a Title VII for retaliation in the context of employment.

2

134 F.3d 1250, 1253 (5th Cir. 1998) (citing *Gaitor v. Peninsular & Occid. S.S. Co.*, 287 F.2d 252, 253–54 (5th Cir. 1961)). Any doubt regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction and in favor of remand. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) (citing *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988)).

**III. Law and Analysis**

Plaintiff and Defendants all agree that Plaintiff's federal law claim should be dismissed. (Rec. Doc. 6-1, p. 3); (Rec. Doc. 7, p. 4). Defendants request dismissal with prejudice. Plaintiff's position on whether he consents to his federal claim being dismissed with or without prejudice is unclear. Additionally, Defendants request the Court grant them attorney's fees and costs incurred as a result of Plaintiff's removal. The Court will first address the issue surrounding dismissal of Plaintiff's federal claim. Thereafter, the Court will discuss attorney's fees and costs.

**A. Plaintiff's Title VII Claim**

Although Plaintiff's First Amended Petition only provides the phrase "and Federal law," the Court finds that Plaintiff's cause of action likely falls in the purview of a Title VII retaliation claim. Plaintiff's full claim states, "[t]he conduct described above also constitutes a breach of the retaliation provisions of the LEDL and Federal law in that [Plaintiff] was terminated solely because he reported on and opposed practices which he reasonably concluded may be infractions of law." (Rec. Doc. 6-5, p. 5). Title VII prohibits workplace discrimination based on race, color, religion, sex, and national origin. 42 U.S.C. § 2000e–2(a)(1)–(2). Title VII also prohibits retaliation against an employee who has opposed any employment practice made unlawful by Title VII. *Griffith v. City of New Orleans*, Nos. 11-245, 11-535, 2014 WL 1796689, *1 (E.D. La. May 6, 2014).

42 U.S.C. § 2000e–3(a) prohibits employers from retaliating when "[an employee] has opposed . . . an unlawful employment practice . . . or . . . made a [Title VII] charge." *University*

3

*of Texas Southwestern Medical Center v. Nassar*, 570 U.S. 338 (2013). Title VII claims are also subject to particular time restraints providing that before a plaintiff can commence a civil action in federal court, he or she must file a charge with the Equal Employment Opportunity Commission within 180 days of the alleged unlawful employment practice. 42 U.S.C. § 2000e–5(e)(1).

In an employment discrimination case, the plaintiff must exhaust all administrative remedies before pursuing her claims in federal court. *Williams v. Cardinal Health 200, LLC,* 948 F. Supp. 2d 652, 657 (E.D. La. May, 31, 2013) (citing *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002)). Although a timely filed EEOC complaint is not a jurisdictional requirement, it is a precondition that will preclude a plaintiff from bringing such a claim if the time requirement is not met. *Id.* (citing *Cruce v. Brazosport Independent School Dist.*, 703 F.2d 862, 863 (5th Cir. 1983)). As a general rule, plaintiffs must file a charge with the EEOC within 180 days of when the unlawful employment practice occurred. 42 U.S.C. § 2000e–5(e)(1). In deferral states, such as Louisiana, an exception to this general rule applies and an individual must file a charge within 300 days of the allegedly discriminatory act.

The Court finds that although the 300-day exception applies in this case, Plaintiff's claim is still untimely. Plaintiff's cause of action arose on March 21, 2017 when Defendant Maenza allegedly abruptly terminated Plaintiff after Plaintiff cautioned Maenza about inappropriate conversations Maenza reportedly had with a young female employee. *See* (Rec. Doc. 6-1, p. 3); *see also* (Rec. Doc. 6-5, pp. 4–5). Plaintiff filed his First Amended Petition, thus bringing a Title VII claim, on January 19, 2018. (Rec. Doc. 6-5). Therefore, Plaintiff failed to timely bring his Title VII claim since 304 days elapsed from the day the alleged unlawful employment practice

4

occurred to the day Plaintiff brought his Title VII claim in state court via his First Amended Petition. Accordingly, Plaintiff's Title VII claim is dismissed with prejudice. [2]

### B. Attorney's Fees and Costs

Defendants request attorney's fees and costs as a result of Plaintiff's alleged "improper and unnecessary decision to plead and then seek dismissal of his own federal claim." (Rec. Doc. 7, p. 2). The Court does not find this case warrants an award of attorney's fees and costs. The Court finds merit in Plaintiff's explanation that the addition of "and Federal law" was inadvertent. Therefore, Defendants' request for attorney's fees and costs is denied.

Accordingly;

IT IS ORDERED that Plaintiff's **Motion to Remand (Rec. Doc. 6)** is **GRANTED** and the above-captioned matter be and is hereby remanded to the Civil District Court for the Parish of St. Tammany, State of Louisiana;

IT IS FURTHER ORDERED that Plaintiff's Title VII claim for retaliation under federal law is **DISMISSED WITH PREJUDICE**;

IT IS FURTHER ORDERED that Defendants' request for attorney's fees and costs is **DENIED.**

April 17, 2018

JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

---

[2] While the Court dismisses Plaintiff's Title VII on grounds of untimeliness, the Court is convinced that had Plaintiff's Title VII claim survived this Motion to Remand, the state court would have dismissed the claim as well. First, bringing the federal law claim was outside of what the state court contemplated in allowing Plaintiff to file an amended Petition. Second, the Court is also convinced that the state court would dismiss the claim for failing to meet the proper time requirements as this Court does today.